IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANDY HUMPHREYS, o/b/o ) | |
| BILLY J. POWELL, Deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-686-HE |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Mandy Humphreys ("Plaintiff") brings this action on behalf of Billy J. Powell ("Claimant")[2] pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Claimant's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

---

[1] Effective February 1, 2007, Michael J. Astrue became Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as Defendant in this action.

[2] Plaintiff died a little over a year after filing his claims with the Social Security Administration; his widow, Mandy Humphreys, subsequently filed a Notice Regarding Substitution of Party Upon Death of Claimant [Tr. 18 and 81].

Claimant initiated these proceedings by filing applications seeking disability insurance benefits and supplemental security income payments in December, 2002 [Tr. 94 - 96 and 421 - 423]. He alleged that mental illness and the resulting inability to handle routine stress and to deal with co-workers and the public became disabling as of February 22, 2002 [Tr. 133].[3] Both claims were denied initially and upon reconsideration [Tr. 58 - 60, 62 - 63, 425 - 427 and 429 - 431]; subsequent to Plaintiff's death,[4] an Administrative Law Judge ("ALJ") conducted a July, 2004 hearing where Plaintiff, who was represented by counsel, a medical expert and a vocational expert each testified [Tr. 432 - 481]. In his August, 2004 hearing decision, the ALJ found that while Claimant suffered from various severe impairments during the period from his claimed onset of disability date until his death, he retained the ability to perform his past relevant work and, consequently, was not disabled within the meaning of the Social Security Act [Tr. 18 - 30]. The Appeals Council of the Social Security Administration denied Plaintiff's request for review [Tr. 5 - 7], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Doyal v. Barnhart*,

---

[3] Plaintiff requested at the administrative hearing that the onset of disability date be changed to November 19, 2002, due to Claimant's earned income for 2002 [Tr. 435 - 436].

[4] Claimant died from asphyxiation on January 16, 2004, when a car under which he was working fell on him [Tr. 435].

331 F.3d 758, 760 (10th Cir. 2003). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Plaintiff bears the initial burden of proving that Claimant had one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler,* 754 F.2d 326, 328 (10th Cir. 1985). Where Plaintiff makes a prima facie showing that Claimant could no longer engage in prior work activity during the period in question, the burden of proof shifts to the Commissioner to show that Claimant retained the capacity to perform a different type

of work and that such a specific type of job existed in the national economy. *Turner,* 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

Plaintiff advances two claims of error, asserting, first, that the ALJ erred as a matter of law by failing to properly evaluate the opinions of Claimant's treating psychiatrist, Dr. Dukheh Ahn. Plaintiff maintains through her second claim that the ALJ's residual functional capacity ("RFC")[5] assessment was not supported by substantial evidence. Plaintiff's second claim will be the first addressed.

**RFC Assessment**

The ALJ determined that Claimant was severely impaired by depression and by a personality disorder that "resulted in pathologically inappropriate suspiciousness or hostility with features of intense and unstable interpersonal relationships and impulsive and damaging behavior." [Tr. 20]. He further concluded that Claimant "had the residual functional capacity to perform the requirements of simple to moderately complex work activities and would have been able to interact with the general public infrequently and is able to interact with coworkers and supervisors with routine supervision." [Tr. 29]. Plaintiff contends that this latter finding that Claimant was able to interact with coworkers and supervisors with routine supervision is not supported by substantial evidence.

As support for her argument, Plaintiff points to the medical source opinions provided by the psychiatrist who saw Claimant for medication therapy during the course

---

[5]Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 405.1545 (a) (1), 416.945 (a) (1).

of his multi-year treatment with Red Rock West Behavioral Health Services, Dr. Dukheh Ahn, M.D.; Dr. Ahn concluded, in part, that Claimant had marked limitations in his ability to accept instructions and respond appropriately to criticism from supervisors and in his ability to get along with co-workers [Tr. 351 - 353, 396 - 399 and 416].  In addition, Plaintiff directs the court to the testimony by the medical expert at the administrative hearing.  Horace Wade Bedwell, Ph.D., Clinical Psychologist, testified that based upon his review of the medical records, Claimant – when on his medications – had moderate limitations in his ability to accept instructions and to respond appropriately to criticism from supervisors and in his ability to get along with co-workers and peers [Tr. 453 - 454 and 458 - 459].

In response, the Commissioner does not dispute that the RFC assessment by the ALJ with respect to Claimant's ability to interact with supervisors and co-workers – unlimited with routine supervision – differed from that of both Dr. Ahn and Dr. Bedwell [Doc. No. 20, p. 10].  Instead, the Commissioner argues that the ALJ properly considered *all* of the evidence and not just the medical evidence in formulating his RFC assessment. *Id.*  According to the Commissioner, this evidence included the fact that Claimant was attending school and working at a salvage yard at the time of his death.  *Id.*  The Commissioner further maintains that Plaintiff has failed to cite any legal authority to support her argument that "the ALJ's RFC assessment must precisely match any particular doctor's opinion." *Id.* at 11.

While the Commission is correct in arguing that "[t]he determination of RFC is an administrative assessment based on the totality of the evidence, not just the medical

5

evidence," *id.* at 9, *see* Social Security Ruling 96-8p, 1996 WL 374184, at *5, "[t]he RFC assessment must always consider and address medical source opinions [and] [i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* at *7. Here, the ALJ explained why he did not accept the opinions of Dr. Ahn[6] but failed to explain why he did not adopt the opinion of Dr. Bedwell, the medical expert, that Claimant – when on his medications –  had moderate limitations in his ability to accept instructions and to respond appropriately to criticism from supervisors and in his ability to get along with co-workers and peers [Tr. 453 - 454 and 458 - 459]. This was error pursuant to the above-referenced Social Security ruling and, in the absence of a legally supported request by the Commissioner, the undersigned has not considered whether such error was harmless. Accordingly, because the ALJ's RFC assessment failed – without explanation –  to account for Dr. Bedwell's opinion concerning supervisors and co-workers, it cannot be found to be supported by substantial evidence in the record and remand for further proceedings is necessary.

**<u>Treating Physician Opinions</u>**

On remand for reassessment of Claimant's RFC, the adjudicator will have the opportunity to again consider the opinions of Dr. Ahn, Claimant's treating psychiatrist. Here, the ALJ dealt with Dr. Ahn's opinions as follows:

> The undersigned has further considered the assessments by Dr. Dukheh Ahn, M.D., psychiatrist with Red Rock Behavioral Health Services that shows significant functional limitations.  Based on a close review of the record and following testimony by Dr. Bedwell at the July 1, 2004, hearing, the United States Administrative Law Judge is persuaded that there is not

---

[6]Whether in rejecting Dr. Ahn's opinions the ALJ complied with the treating physician rule will be subsequently addressed.

> a substantial basis in the record to support the severity of those limitations. The letter dated August 10, 2004, and co-signed by Dr. Ahn and Ms. Payne, L.P.C., appeared to do no more than list Mr. Powells's symptoms without explanation.

[Tr. 26]. Apart from his summary of the treating physician rule – "the opinions of treating physicians are given controlling weight in determining disability when they are well supported by medically acceptable clinical and diagnostic techniques and are not inconsistent with the other substantial evidence" *id.* – the ALJ's decision contains only one other finding pertinent to his assessment of Dr. Ahn's opinions. In that finding, the ALJ condensed the testimony of the medical expert, Dr. Bedwell, and stated that he accepted such testimony:

> Dr. Bedwell noted that Dr. Ahn, who, together with Joy Payne, M.S., O.P.C., completed the *Mental Medical Source Statement* (Exhibit 12F), was a medical doctor who traveled from center to center. He said forms were completed by the L.P.C., and signed off on by the doctor. Dr. Bedwell indicated that the record indicated that Dr. Ahn saw [Claimant] only to prescribe medications and not for therapy or intervention. He stated that the GAF scores given were from the L.P.C., which was a master's level only and not a licensed clinical psychologist.

[Tr. 24].

Under the law of the Tenth Circuit, "[a]ccording to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004). A sequential analysis must be undertaken by an ALJ when considering a treating source medical opinion which relates to the nature and severity of a claimant's impairments. *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) The first step, pursuant to Social Security Ruling ("SSR") 96-2p, 1996 WL

374188, at *2, is to determine whether the opinion is well-supported by medically acceptable techniques. *Watkins,* 350 F.3d at 1300. At the second step, adjudicators are instructed that "[e]ven if well-supported by medically acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion also must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." SSR 96-2p, 1996 WL 374188, at *2. If both of these factors are satisfied with regard to a medical opinion from a treating source, "the adjudicator must adopt a treating source's medical opinion irrespective of any finding he or she would have made in the absence of the medical opinion." *Id.* If, on the other hand, "the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins,* 350 F.3d at 1300. Once the ALJ determines that a treating source opinion is not entitled to controlling weight, he must consider the weight he does give to such opinion and, if he rejects the opinion completely, he must offer specific and legitimate reasons for so doing. *Id.* at 1300-1301; SSR 96-2p, 1996 WL 374188, at *4; *Miller v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996).

Here, presuming that the ALJ was completely rejecting Dr. Ahn's opinions regarding Claimant's limitations, his conclusory explanation that he was doing so "[b]ased on a close review of the record" clearly lacks *any* specificity and does not permit meaningful review [Tr. 26]. As to the ALJ's reliance on Dr. Bedwell's testimony, the first of Dr. Bedwell's opinions referenced by the ALJ was that Dr. Ahn was "was a medical doctor who traveled from center to center." [Tr. 24]. The ALJ fails to explain, however, why the fact that Dr. Ahn might see patients in several different facilities in any way

diminishes her opinions of those patients' limitations.  The second opinion by Dr. Bedwell upon which the ALJ placed specific reliance – "forms were completed by the L.P.C. and signed off on by the doctor," *id.* – appears to be nothing more than Dr. Bedwell's speculative opinion about "the usual procedure in these regional mental health centers". [Tr. 468].  As to Dr. Bedwell's third opinion, the ALJ stated that, "Dr. Bedwell indicated that the record indicated that Dr. Ahn saw [Claimant] only to prescribe medications and not for therapy or intervention." [Tr. 24].  Assuming this to be the case, however, neither Dr. Bedwell nor the ALJ explains why the opinions of Dr. Ahn – a psychiatrist who saw Claimant on numerous occasions [Tr. 244, 245, 246, 247, 270, 355, 357 and 403] and who participated in his ongoing treatment [Tr. 249, 252, 254, 258, 286, 295, 298, 300, 301, 303, 310, 312, 321, 322, 326, 330, and 332] – are completely meritless simply because she was providing medication therapy rather than counseling.  The reasons proffered by the ALJ for rejecting the opinion of Claimant's treating psychiatrist are neither specific nor legitimate and, on remand, the ALJ will have the opportunity to provide a more specific, reviewable analysis of Dr. Ahn's opinions.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by July 2, 2007, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United*

*States*, 950 F.2d 656 (10th Cir. 1991).   This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 11th day of June, 2007.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE